UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



CHRISTOPHER BONILLA,

    Plaintiff,

-against-

H&M HENNES & MAURITZ AB,

    Defendant.

MEMORANDUM DECISION
AND ORDER
11 Civ. 4680 (GBD) (JLC)

GEORGE B. DANIELS, United States District Judge:

*Pro se* plaintiff Christopher Bonilla filed this trademark infringement action against defendant H&M Hennes & Mauritz AB on July 7, 2011. Shortly thereafter, this Court referred the matter to Magistrate Judge James L. Cott for general pretrial supervision.

By order dated September 1, 2011 Magistrate Judge Cott directed Plaintiff to promptly serve the summons and complaint on Defendant no later than November 4, 2011, in accordance with Fed. R. Civ. P. 4(m). By order dated November 8, 2011, Magistrate Judge Cott extended Plaintiff's deadline to serve Defendant with the summons and complaint to December 5, 2011, and warned that failure to do so could lead to dismissal of this case. Plaintiff failed to file proof of service of the summons and complaint by the December 5, 2011 deadline. Magistrate Judge Cott thus issued a Report and Recommendation recommending that this case be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a de novo determination of those portions of the

Report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72 (b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

Magistrate Judge Cott advised Plaintiff that pursuant to 28 U.S.C. § 636(b)(1), failure to file timely objections to the Report would result in waiver of objections and preclude appellate review. Plaintiff did not object to the Report. As there is no clear error on the face of the record, this Court adopts the Report in its entirety.

Magistrate Judge Cott properly concluded that this case should be dismissed without prejudice pursuant to Rule 4(m). Fed. R. Civ. P. 4(m) provides that "if a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time," unless the plaintiff shows good cause. The 120-day period permitted under Rule 4(m) expired in November 2011. Magistrate Judge Cott then extended the time period for Plaintiff to serve defendant and warned him that the action would be dismissed if Plaintiff did not do so within this new time period. Plaintiff failed to file proof of

2

service before the December 5, 2011 deadline and has not done so to date, nor demonstrated good cause for his failure to serve the summons and complaint.

## Conclusion

Plaintiff's complaint is DISMISSED without prejudice. The Clerk of the Court is directed to close this case.

Dated: November 26, 2012
      New York, New York

SO ORDERED

*George B Daniels*

GEORGE B. DANIELS
United States District Judge
